UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re                                                                              Case No.  1-07-73919-dem

BETINA G. KOLOCH,                                                     Chapter 13

                              Debtor.
-----------------------------------------------------------X

## DECISION AND ORDER ON PROOF OF CLAIM OF CITIMORTGAGE, INC.

Appearances:

Avrum J. Rosen, Esq.
The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Lidia Swiatkowski
38 New Street
Huntington, NY 11743

Rashel M. Mehlman, Esq.
Sweeney, Gallo, Reich & Bolz, LLP
Attorney for CitiMortgage, Inc.
95-25 Queens Boulevard, Sixth Floor
Rego Park, NY 11374


DENNIS E. MILTON
United States Bankruptcy Judge


        The matter comes before the Court on the objection of Lidia Swiatkowski ("Swiatkowski") , a party in interest and co-obligor, to Proof of Claim No. 2 filed by CitiMortgage, Inc. ("CitiMortgage").  Swiatkowski seeks an Order pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure reducing, expunging and/or reclassifying Proof of Claim No. 2.[1]   As set forth more fully below, based

---

[1] The parties have agreed that the Court, having granted the motion of the chapter 13 case trustee to dismiss the case on October 3, 2008, shall enter an Order dismissing this case without prejudice upon determination of the Objection to CitiMortgage's Proof of Claim.

upon the evidence which Swiatkowski presented and the failure of CitiMortgage to meet its burden of proof with regard to several matters, the Court reduces the Proof of Claim to allow CitiMortgage's Claim in the reduced amount of $444,590.14.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334(b) and 157(b)(2) and the Eastern District of New York standing Order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent Fed. R.Bank. P. 7052 requires.

## INTRODUCTION

This case is the seventh case in this Court involving the debtor and co-obligors and CitiMortgage, Inc. and its predecessor in interest regarding the note and mortgage dated September 18, 1990 between the debtor, co-obligors and Citibank, N.A. regarding the real property located at 7 Park Lane Place, Massapequa, New York 11758 (the "Massapequa Property"). There has been additional litigation involving the parties in the Supreme Court, Nassau County and the United States District Court for the Eastern District of New York. The central issue for determination here is the amount of the Proof of Claim of CitiMortgage. A brief recitation of the underlying facts of these cases follows.

### A.   Background

On or about September 18, 1990, Citibank, N.A. financed the Massapequa Property with debtor Betina G. Koloch a/k/a Betina Swiatkowski, Michael Swiatkowski a/k/a Michal Swiatkowski and Lidia Swiatkowski. The debtor and the co-obligors executed a mortgage note in the principal amount of $264,000.00 and delivered a mortgage against the

Massapequa Property.

On or about June 1, 1998, the debtor and co-obligors defaulted under the note and mortgage. Citibank's successor in interest commenced a foreclosure action in the Supreme Court, Nassau County, and obtained a judgment of foreclosure on or about April 20, 1999.

On or about September 1, 1999, Michal and Lidia Swiatkowski filed a voluntary joint petition for relief under Chapter 13 of the Bankruptcy Code (the "First Case"). On or about July 20, 2000, the First Case was dismissed upon the application of the debtors. On or about October 2, 2000, the First Case was closed.

On or about October 25, 2000, Michal Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Second Case"). This filing stayed the scheduled foreclosure sale of the Massapequa Property. On or about January 16, 2001, the Second Case was dismissed on the application of the Chapter 13 case trustee due to the debtor's default in making payments. On February 16, 2001, the Second Case was closed.

On March 7, 2001, Lidia Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Third Case"). This filing stayed a scheduled foreclosure sale of the Massapequa Property. On or about November 6, 2001, the case was dismissed with prejudice on the motion of the Chapter 13 case trustee. On December 12, 2001, the Third Case was closed.

While the Third Case was pending, the debtor and co-obligors requested a workout arrangement with CitiMortgage. However, they refused to sign a stipulation of settlement which was part of the forbearance agreement process. According to CitiMortgage, the loan representative working with the Swiatkowskis authorized the acceptance of funds

without an executed stipulation. CitiMortgage accepted payment of $101,230.49 without a written settlement agreement. The forbearance agreement was calculated at the monthly payment amount of $3,231.00. However, according to CitiMortgage, the annual taxes and insurance at the time of reinstatement were $12,553.41, and the $3,231.00 monthly payment was insufficient to reinstate the escrow deficit.

CitiMortgage's documentation reflected considerable confusion at CitiMortgage concerning the amount of the monthly mortgage payment. It appears from its own records that the mortgagors may not have been in default under the mortgage in May 2002. By letter dated June 25, 2002, CitiMortgage informed the mortgagors that they were current through May 1, 2002 and were due for the June 1, 2002 payment. The payment history further reflects that in May 2002, a time when CitiMortgage allegedly notified the mortgagors that they were current with their mortgage payments, CitiMortgage referred the file to its attorneys for foreclosure.

On or about April 24, 2002, CitiMortgage issued a notice to the debtor and co-obligors that the monthly payment had adjusted upward to $4,703.00 per month; CitiMortgage claimed that the debtor and co-obligors were given notice of this adjusted mortgage payment on or about May 1, 2002. On or about June 19, 2002, the debtor and co-obligors received a letter from CitiMortgage informing them that the amounts remitted in the June 2002 payment were not sufficient to cover the monthly amount due of $4,753.28. On June 20, 2002, CitiMortgage informed the mortgagors that their payment was late and imposed a late payment charge of $50.28. On or about July 11, 2002, CitiMortgage, according to the payment history, reversed the payments in the amount of $3,231.00 for the months of May and June 2002 and returned the payments to the co-obligor Lidia Swiatkowski.

In May 2002 CitiMortgage referred the file to its attorneys for foreclosure proceedings. On or about September 30, 2005, Judgment of Foreclosure and Sale was entered in the pending foreclosure action. On or about November 4, 2005, Michal Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Fourth Case"). On November 16, 2006, the Fourth Case was dismissed on the motion of the Chapter 13 case trustee. In or about November 2006, the debtor tendered two payments in the amount of $6,000.00 and $19,200.00. On January 19, 2007, the Fourth Case was closed.

On or about December 12, 2006, Lidia Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Fifth Case"). On or about April 17, 2007, the Fifth Case was dismissed with prejudice on the debtor's motion. On June 19, 2007, the Fifth Case was closed.

On April 2, 2007, Michal Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Sixth Case"). On August 8, 2007, the Sixth Case was dismissed with prejudice on the motion of the Chapter 13 case trustee.

## PROCEDURAL HISTORY OF THIS CASE

On October 4, 2007, Betina G. Koloch (the "debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On November 7, 2007, CitiMortgage filed Proof of Claim No. 2. On or about January 11, 2008, counsel for Lidia Swiatkowski filed an Objection to Proof of Claim No. 2 dated November 7, 2007 which CitiMortgage filed. On March 4, 2008, counsel for CitiMortgage filed an Affirmation in Opposition to the Objection. On March 6, 2008, counsel for Swiatkowski filed a reply to the affidavit in opposition. On March 6, 2008, counsel for CitiMortgage filed a supplemental affidavit in opposition to the

5

Objection. On March 28, 2008, counsel for Swiatkowski filed a Memorandum of Law. On April 17, 2008, counsel for CitiMortgage filed a reply affirmation and cross-application for fees and costs. On May 9, 2008, the Court conducted a hearing on the Objection. At a continued hearing on October 17, 2008, the Court directed counsel for CitiMortgage to file a post hearing submission on the issue of calculation of interest and the placing of forced placed insurance. On October 24, 2008, counsel for CitiMortgage submitted a supplemental affidavit and the Court took the matter under submission. This decision follows.

### DISCUSSION

The Debtor Has Met Her Burden of Proof And
The Objection to CitiMortgage's Proof of Claim Is Sustained

A proof of claim filed in conformance with the rules is presumptively valid. See 11 U.S.C. §502. See also In re Hemingway Transp., Inc., 993 F.2d 915 (1st Cir. 1993). The party objecting has the initial burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir. 1992). Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim. Id. Upon introduction of sufficient evidence by the objecting party, the burden shifts, and the claimant will have to meet the burden of proof by a preponderance of the evidence. Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635 (3d Cir. 1991).

The debtor has met the burden of proof in objecting to CitiMortgage's proof of claim. Conversely, as seen below, CitiMortgage has failed to meet its burden of proof on the issue of deficiencies and late fees.

### A. Challenge of the Proof of Claim

Lidia Swiatkowski is the co-obligor (the "Objectant") of a mortgage and note executed in favor of CitiMortgage and the mother of the debtor. The mortgage and note are secured by an interest in the Massapequa Property. On November 7, 2007, CitiMortgage filed Proof of Claim No. 2. The Proof of Claim alleged a total secured debt in the amount of $475,473.99, broken down as follows:

| | |
|---|---:|
| (A) Principal Balance | 221,773.69 |
| (B) Interest | 122,176.31 |
| (C) Escrow Advances | 79,463.31 |
| (D) Late Charges | 3,217.92 |
| (E) Deficiency Expenses | 38,366.98 |
| (F) Appraisal Fees | 1,565.00 |
| (G) Inspection Fees | 736.55 |
| (H) Interest on Escrow Advances | 8,174.23 |

A.  Principal Balance

With regard to the principal balance, the Objectant challenged the amount of the monthly mortgage payment. As previously noted, the documentation reflected significant confusion at CitiMortgage concerning the amount of the monthly mortgage payment.[2] Referring to a prior foreclosure action in which the Massapequa Property was the subject and which resulted in the reinstatement of the mortgage in December 2001, the Objectant noted that the

---

[2]  On or about June 19, 2002, mortgagors received a letter from CitiMortgage informing them that the amounts remitted in the June 2002 payment were not sufficient to cover the monthly amount due of $4,753.28. On June 20, 2002, CitiMortgage informed the mortgagors that their payment was late and imposed late payment charge of $50.28. Later that month, by letter dated June 25, 2002, CitiMortgage informed the mortgagors that they were current through May 1, 2002 and were due for the June 1, 2002 payment. On or about July 11, 2002, CitiMortgage, according to the payment history, reversed the payments in the amount of $3,231.00 for two months and returned the payments to the objectant.

mortgagors remitted the prior payment amount of $3,231.00 to CitiMortgage from January 2002 through May 2002, and CitiMortgage accepted them. CitiMortgage's proof of claim states that the mortgagors failed to make mortgage payments for the period November 1, 2002 through October 1, 2007, a period of 60 months at a rate of $4,703.00, for a total principal balance of $282,180.00. The payment history reflects that effective May 2002, a time when CitiMortgage notified the mortgagors that they were current with their mortgage payments, CitiMortgage referred the file to its attorneys for foreclosure, even though it appears from its own records that the mortgagors were not in default in May 2002.

As the Objectant has established, CitiMortgage initially failed to provide sufficient documentation to support its Proof of Claim. In subsequent pre-and post-hearing submissions, in March and October 2008, CitiMortgage supplemented its Proof of Claim and responded to the Objection as noted below. CitiMortgage presented documentation to support the element in its Proof of Claim that the mortgagors failed to make mortgage payments from November 1, 2002 through October 1, 2007, a period of 60 months at a rate of $4,703.00, for a total principal balance of $282,180.00.

In conclusion, CitiMortgage has adequately established that the principal balance consisted of $221,773.69.

B.    Interest

The documentation reflects that the interest was calculated from October 1, 2002 through October 9, 2007 at a rate of 11% per annum (based on the mortgage note) for a total of $122,510.49, and the amount of interest set forth on the Proof of Claim has been sustained.

C.   Escrow Advances

In its Proof of Claim, CitiMortgage claimed escrow advances in the amount of $79,463.31.  CitiMortgage had failed to describe these payments in sufficient detail in the documentation accompanying the Proof of Claim.  In response to the Objection, CitiMortgage described those advances as follows:

      Pre-petition Advances      74,165.88

      Post-Petition Advances      4,970.74 (school tax)

CitiMortgage provided documentation for payments totaling these amounts for school taxes, town taxes and insurance advances.

D.   Late Charges

CitiMortgage has presented sufficient evidence to establish its entitlement to late charges and uncollected late charges in the amount of 3,217.92.  The amount claimed is allowed in this amount.

E   Deficiency Expenses

The Proof of Claim contained a claim for deficiency expenses in the amount of $38,366.98.  CitiMortgage claimed it had incurred fees and expenses in the foreclosure and federal proceedings in the amount of $38,066.98 as described below:

```
Legal fees and expenses in the foreclosure action,
Federal proceedings and three related appeals        34,611.38
 Bankruptcy Costs                                     2,800.00
 Cost of Appraisal                                      655.60
```

In the Objection, counsel for Swiatkowski argued that the post judgment charges merged into the foreclosure judgment. The Judgment of Foreclosure relied upon for this portion of the claim limits legal fees to the amount of $15,657.36. In order to collect amounts beyond the amounts allowed in the Judgment of Foreclosure, the mortgage documents must contain specific language allowing the clause to survive the mortgage merger in the judgment of foreclosure. In Re Lehal Realty Associates, 112 B.R. 588 (Bankr. S.D.N.Y. 1990). The Objectant contended that under the doctrine of merger, CitiMortgage may not collect additional fees and other expenses not expressly provided for in the judgment of foreclosure. In re Lehal Realty, supra. The Judgment of Foreclosure limits CitiMortgage to a recovery of $15,657.36. The Court adopts the reasoning and awards CitiMortgage deficiency expenses in the amount of $15,657.36.

F.        Other Expenses

The final items of CitiMortgage's Proof of Claim consisted of the following items.

|  |  |
|---|---|
| Appraisal Fees | 1,565.00 |
| Inspection Fees | 736.55 |
| Interest on Escrow Advances | 8,174.23 |

This Court finds that the interest on the escrow advances were not included in the Judgment of Foreclosure and Sale, and therefore reduces this portion of the Proof of Claim by $8,174.23, resulting in a total allowed amount of $2,301.55.

In conclusion, the Court finds that CitiMortgage has established entitlement to

allowance of claims on its Proof of Claim in the following amounts:

|  | Amount Sought | Amount Allowed |
|---|---|---|
| (A) Mortgage Balance | 221,773.69 | 221,773.69 |
| (B) Interest | 122,176.31 | 122,176.31 |
| (C) Escrow Advances | 79,463.31 | 79,463.31 |
| (D) Late Charges | 3,217.92 | 3,217.92 |
| (E) Deficiency Expenses | 38, 366.98 | 15,657.36 |
| (G) Appraisal Fees | 1,565.00 | 1,565.00 |
| (H) Inspection Fees | 736.55 | 736.55 |
| (I) Interest on Escrow Advances | 8,174.23 | 0.00 |
| Total | 475,473.99 | 444,590.14 |

## CONCLUSION

The Court grants the Motion to the extent that it reduces CitiMortgage's Proof of Claim and allows CitiMortgage's claim in the reduced amount of $444,590.14, as follows:

| (A) Mortgage Balance | 221,773.69 |
|---|---|
| (B) Interest | 122,176.31 |
| (C) Escrow Advances | 79,463.31 |
| (D) Late Charges | 3,217.92 |
| (E) Deficiency Expenses | 15,657.36 |
| (F) Appraisal Fees | 1,565.00 |
| (G) Inspection Fees | 736.55 |
| (H) Interest on Escrow Advances | 0.00 |
| Total | 444,590.14 |

IT IS SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2009

                                                S/ Dennis E. Milton
                                                DENNIS E. MILTON
                                                United States Bankruptcy Judge