CLERK
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re

BETINA G. KOLOCH a/k/a
BETINA SWIATKOWSKI

Chapter 13
Case No.: 07-73919-633

Debtor(s)

-------------------------------------------------------X

TO THE HONORABLE DENNIS E. MILTON, UNITED STATES BANKRUPTCY JUDGE:

## OBJECTION TO ORDER DENYING CONFIRMATION
## OF CHAPTER 13 AND DISMISSING THE CASE WITHOUT PREJUDICE

I, Lidia Swiatkowski, a party in interest and co-obligor, (mortgagor) being dully sworn,

says:

      1.     That attorneys Sweeney, Gallo, Reich & Boltz, LLP and CitiMortgage, Inc

("CitiMortgage") creditor by filing Proof of Claim for $475,473.99 committed crime by

breaking Rule Title 18 U.S.C. Sec. 152 (1,2,3,4) and 3571 of the Bankruptcy Law. The

discovery is based on of Judges' Dennis E. Milton evaluation of Proof of Claim. The

result of this discovery was reduction/adjustment of Proof of Claim to $444,590.14

(Exhibit A).

      2.     That attorneys Sweeney, Gallo, Reich & Boltz, LLP and CitiMortgage, Inc

("CitiMortgage") creditor by filing Suplemental Affidavit (Exhibit B) in Further

Response to Objection to Claim Filled by Rashel M. Mehlam on behalf of Citibank N.A.

docket 52 filled on October 24, 2008 committed crime by severally breaking Rule Title

18 U.S.C. Sec. 152 (1,2,3,4) and 3571 of the Bankruptcy Law.

      Where as Exhibit I of the said document (Exhibit C) have been in part fabricated

to substantiate the claim. The said document have never been served although it contains

the Notice of Entry (fabricated) and Affidavit of Service (fabricated)

Where as the Notice of Entry and Affidavit of Service in original copy of order registered within the NY State Supreme Court records does not exist.

Whereas the file have been claimed to be sent 1 year and 2 months after the order have been entered by the Supreme Court Judge (Exhibit D).

Where as this ordered sale have been listed in local newspapers illegally on November 9th , 2005 (Exhibit E) This is because it did not provide notification at all to parties involved. The Affidavit of Service states that Mail Service was done more than a year after a sale listing in a paper (Exhibit F).

The Sworn Notary for Affidavit of Service in the order above is also signed by the same Attorney for Sweeney, Gallo, Reich & Boltz, LLP, Todd Powell, ESQ, who signed off on the Notice of Service on the same order.

Where as, upon closer examination of the said order it shows that the Nassau County, County Clerks Office Seal of receipt have been tempered and alteration changes dates from year 2005 to 2006. (Exhibit G)


3.    On page 4 in 2nd paragraph of the DECISION AND ORDER ON PROOF OF CLAIM OF CITIMORTGAGE, INC opinion (Exhibit A) from September 30, 2009 written by Hon. Judge Dennis E. Milton it says:

"CitiMortgage documentation reflected considerable confusion at CitiMortgage concerning the amount of the monthly amount of the monthly mortgage payment. It appears from its own records that the mortgagors may not have been in default under the mortgage in May 2002. By letter dated June 25, 2002, CitiMortgage informed the mortgagors that they were current through May 2002. By letter dated June 25, 2002,

CitiMortgage informed the mortgagors that they were current through May 1' 2002 and were due for the June 1, 2002 payment. The payment history further reflects that in May 2002, a time when CityMortgage allegedly notified the mortgagors that they were current with their mortgage payments, CitiMortgage referred the file to its attorneys for foreclosure."

The reason perhaps that it "appeared to, that mortgagors may not have been in default" because it was and is the truth.

Perhaps the confusion was that they could not disclose what happened to the $101,249.39 that they were asked to account for by mortgagors.

Or maybe questions about biweekly payments came up that CitiMortgage Inc has a problem locating even though they were asked about it on number of occasions and are still missing but were paid for first 5 years of the loan as demonstrated by the mortgagors. Or maybe it was just a clear case of adding thousands of dollars in unearned legal fees to create a default.

Perhaps the reason was an attempt to coerce the mortgagors into signing a forbearance agreement to strip away mortgagors rights?

Perhaps creditors were not adhering to the terms of the loan documents?

Perhaps creditors were adding miscellaneous fees to purposely create a deficiency with the mortgagors next payment.

Perhaps creditors were falsely reporting default to the credit bureaus when it was them creating default.

Perhaps creditors were not applying payments to principal and interest.

Perhaps creditors were committing perjury through flagrant misrepresentations to the courts?

It was and is all of it. That is why we have come before this court to protect our life from these preditors or creditors as they call themselves. To demand to be heard. Yet we have been once again unable to tell our story.

**WHEREFORE**, Debtor prays for reopening a case and have responsible parties for criminal activity held responsible. This includes dismissing claims of the creditor for its 12 years of constant vicious attacks on their homestead which were based on liable, frivolous and criminal claims that led the mortgators to sustain severe physical and mental anguish throughout this ordeal. The attitude presented by the creditor and their legal associates toward this court demonstrates total disrespect to the legal system.

Dated: October 26, 2009                    Sincerely,

                                          Lidia Swiatkowska
                                          7 Park Lane Place
                                          Massapequa NY 11758
                                          Tel. (516)809-5332

To:     Michael J. Macco
        Chapter 13 Trustee
        135 Pinelawn Road, Suite 120 South
        Melville, New York 11747
        (631)549-7900

        Rashel M. Mehlman, Esq. (RM #7197)
        Sweeney, Gallo, Reich & Bolz, LLP.
        95-25 Queens Boulevard, Suite 626
        Rego Park, New York 11374
        (718)459-9000

B 10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT  EASTERN   DISTRICT OF  NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>BETINA G. KOLOCH aka SWIATKOWSKI | Case Number<br>8-07-73919-dem |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>CITIMORTGAGE, INC. | □ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>CITIMORTGAGE, INC.<br>1000 Technology Drive<br>O'Fallon, MO 63304<br>Telephone number: | □ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>□ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor:  8436 | Check here    □ replaces<br>if this claim   □ amends    a previously filed claim, dated:_____ | |

| 1. Basis for Claim<br>□ Goods sold<br>□ Services performed<br>☑ Money loaned | □ Personal injury/wrongful death<br><br>□ Taxes<br><br>□ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br><br>□ Other_____ | □ Wages, salaries, and compensation (fill out below)<br>Last four digits of your SS #:____<br>Unpaid compensation for services performed<br>From _____ to _____<br>(date)              (date) |
|---|---|---|

| 2. Date debt was incurred:  09/18/1990 | 3. If court judgment, date obtained:  10/13/2007 |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____

□ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

□ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority  $_____

Specify the priority of the claim:

□ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

□ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☑ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☑ Real Estate        □ Other_____
□ Motor Vehicle

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____ 334,290.96

□ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

□ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: | $_____ | $475,473.99 | | $475,473.99 |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (total) |

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>11/07/2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Sweeney, Gallo, Reich & Bolz, LLP by Eric S. Sheidlower, Esq. |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# EXHIBIT "A-1"

Case No. :    07-73919

Debtor   :    Betina G. Koloch
              aka Betina G. Swiatkowski
              SS# xxx-xx-9890

Address  :    7 Park Lane Place
              Massapequa, N.Y. 11758-6624

Loan No. :    1100008436

On 10/04/2007, Debtor owed claimant $475,473.99.

The Total Debt owed at petition:

| | | |
|---|---|---|
| Principal Balance | $ | 221,773.69 |
| Interest | $ | 122,176.31 |
| Escrow Advances | $ | 79,463.31 |
| Late Charges | $ | 3,217.92 |
| Delinquency Expenses | $ | 38,366.98 |
| Appraisal | $ | 1,565.00 |
| Inspections | $ | 736.55 |
| Interest on Escrow Advances | $ | 8,174.23 |
| **Total Debt** | **$** | **475,473.99** |

The above figures represent the amount owed at the time of filing and do not reflect payments received after the date of the filing of the Bankruptcy.

# EXHIBIT "A"

Case No. :    07-73919

Debtor    :    Betina G. Koloch
aka Betina G. Swiatkowski
SS# xxx-xx-9890

Address   :    7 Park Lane Place
Massapequa, N.Y. 11758-6624

Loan No. :    1100008436

On 10/04/2007, Debtor owed claimant $334,290.96.

The Arrearages owed at petition:

| From: | To: | Type of Charge: | # | Unit Charge | Total |
|-------|-----|-----------------|---|-------------|-------|
| 11/01/02 | 10/01/07 | Payment | 60 | $ 4703.00 | $282,180.00 |
| 11/01/02 | 10/01/07 | Late Charge | 60 | $   50.28 | $   3,016.80 |
| | | Uncollected Late Charges | | | $     251.40 |
| | | Deficiency Expenses | | | $  38,366.98 |
| | | Appraisal | | | $   1,565.00 |
| | | Inspections | | | $     736.55 |
| | | Interest on Escrow Advances | | | $   8,174.23 |
| | | | | **TOTAL** | $334,290.96 |

The above figures represent the amount owed at the time of filing and do not reflect payments received after the date of the filing of the Bankruptcy.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In Re                                                    Case No. 1-07-73919-dem

BETINA G. KOLOCH,                                        Chapter 13

                          Debtor.

-------------------------------------------------------------X

## **DECISION AND ORDER ON PROOF OF CLAIM OF CITIMORTGAGE, INC.**

Appearances:

Avrum J. Rosen, Esq.
The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Lidia Swiatkowski
38 New Street
Huntington, NY 11743

Rashel M. Mehlman, Esq.
Sweeney, Gallo, Reich & Bolz, LLP
Attorney for CitiMortgage, Inc.
95-25 Queens Boulevard, Sixth Floor
Rego Park, NY 11374

### DENNIS E. MILTON
United States Bankruptcy Judge

        The matter comes before the Court on the objection of Lidia Swiatkowski

("Swiatkowski") , a party in interest and co-obligor, to Proof of Claim No. 2 filed by

CitiMortgage, Inc. ("CitiMortgage"). Swiatkowski seeks an Order pursuant to Section 502 of

the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure reducing,

expunging and/or reclassifying Proof of Claim No. 2.[1]    As set forth more fully below, based

--------------------

[1] The parties have agreed that the Court, having granted the motion of the chapter 13 case trustee to dismiss the case on October 3, 2008, shall enter an Order dismissing this case without prejudice upon determination of the Objection to CitiMortgage's Proof of Claim.

upon the evidence which Swiatkowski presented and the failure of CitiMortgage to meet its

burden of proof with regard to several matters, the Court reduces the Proof of Claim to allow

CitiMortgage's Claim in the reduced amount of $444,590.14.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334(b)

and 157(b)(2) and the Eastern District of New York standing Order of reference dated August

28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the

extent Fed. R.Bank. P. 7052 requires.

## INTRODUCTION

This case is the seventh case in this Court involving the debtor and co-obligors

and CitiMortgage, Inc. and its predecessor in interest regarding the note and mortgage dated

September 18, 1990 between the debtor, co-obligors and Citibank, N.A. regarding the real

property located at 7 Park Lane Place, Massapequa, New York 11758 (the "Massapequa

Property"). There has been additional litigation involving the parties in the Supreme Court,

Nassau County and the United States District Court for the Eastern District of New York. The

central issue for determination here is the amount of the Proof of Claim of CitiMortgage. A brief

recitation of the underlying facts of these cases follows.

### A.    Background

On or about September 18, 1990, Citibank, N.A. financed the Massapequa

Property with debtor Betina G. Koloch a/k/a Betina Swiatkowski, Michael Swiatkowski a/k/a

Michal Swiatkowski and Lidia Swiatkowski. The debtor and the co-obligors executed a

mortgage note in the principal amount of $264,000.00 and delivered a mortgage against the

2

Massapequa Property.

On or about June 1, 1998, the debtor and co-obligors defaulted under the note and mortgage. Citibank's successor in interest commenced a foreclosure action in the Supreme Court, Nassau County, and obtained a judgment of foreclosure on or about April 20, 1999.

On or about September 1, 1999, Michal and Lidia Swiatkowski filed a voluntary joint petition for relief under Chapter 13 of the Bankruptcy Code (the "First Case"). On or about July 20, 2000, the First Case was dismissed upon the application of the debtors. On or about October 2, 2000, the First Case was closed.

On or about October 25, 2000, Michal Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Second Case"). This filing stayed the scheduled foreclosure sale of the Massapequa Property. On or about January 16, 2001, the Second Case was dismissed on the application of the Chapter 13 case trustee due to the debtor's default in making payments. On February 16, 2001, the Second Case was closed.

On March 7, 2001, Lidia Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Third Case"). This filing stayed a scheduled foreclosure sale of the Massapequa Property. On or about November 6, 2001, the case was dismissed with prejudice on the motion of the Chapter 13 case trustee. On December 12, 2001, the Third Case was closed.

While the Third Case was pending, the debtor and co-obligors requested a workout arrangement with CitiMortgage. However, they refused to sign a stipulation of settlement which was part of the forbearance agreement process. According to CitiMortgage, the loan representative working with the Swiatkowskis authorized the acceptance of funds

3

without an executed stipulation. CitiMortgage accepted payment of $101,230.49 without a written settlement agreement. The forbearance agreement was calculated at the monthly payment amount of $3,231.00. However, according to CitiMortgage, the annual taxes and insurance at the time of reinstatement were $12,553.41, and the $3,231.00 monthly payment was insufficient to reinstate the escrow deficit.

CitiMortgage's documentation reflected considerable confusion at CitiMortgage concerning the amount of the monthly mortgage payment. It appears from its own records that the mortgagors may not have been in default under the mortgage in May 2002. By letter dated June 25, 2002, CitiMortgage informed the mortgagors that they were current through May 1, 2002 and were due for the June 1, 2002 payment. The payment history further reflects that in May 2002, a time when CitiMortgage allegedly notified the mortgagors that they were current with their mortgage payments, CitiMortgage referred the file to its attorneys for foreclosure.

On or about April 24, 2002, CitiMortgage issued a notice to the debtor and co-obligors that the monthly payment had adjusted upward to $4,703.00 per month; CitiMortgage claimed that the debtor and co-obligors were given notice of this adjusted mortgage payment on or about May 1, 2002. On or about June 19, 2002, the debtor and co-obligors received a letter from CitiMortgage informing them that the amounts remitted in the June 2002 payment were not sufficient to cover the monthly amount due of $4,753.28. On June 20, 2002, CitiMortgage informed the mortgagors that their payment was late and imposed a late payment charge of $50.28. On or about July 11, 2002, CitiMortgage, according to the payment history, reversed the payments in the amount of $3,231.00 for the months of May and June 2002 and returned the payments to the co-obligor Lidia Swiatkowski.

4

In May 2002 CitiMortgage referred the file to its attorneys for foreclosure proceedings. On or about September 30, 2005, Judgment of Foreclosure and Sale was entered in the pending foreclosure action. On or about November 4, 2005, Michal Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Fourth Case"). On November 16, 2006, the Fourth Case was dismissed on the motion of the Chapter 13 case trustee. In or about November 2006, the debtor tendered two payments in the amount of $6,000.00 and $19,200.00. On January 19, 2007, the Fourth Case was closed.

On or about December 12, 2006, Lidia Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Fifth Case"). On or about April 17, 2007, the Fifth Case was dismissed with prejudice on the debtor's motion. On June 19, 2007, the Fifth Case was closed.

On April 2, 2007, Michal Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Sixth Case"). On August 8, 2007, the Sixth Case was dismissed with prejudice on the motion of the Chapter 13 case trustee.

## PROCEDURAL HISTORY OF THIS CASE

On October 4, 2007, Betina G. Koloch (the "debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On November 7, 2007, CitiMortgage filed Proof of Claim No. 2. On or about January 11, 2008, counsel for Lidia  Swiatkowski filed an Objection to Proof of Claim No. 2 dated November 7, 2007 which CitiMortgage filed.   On March 4, 2008, counsel for CitiMortgage filed an Affirmation in Opposition to the Objection. On March 6, 2008, counsel for Swiatkowski filed a reply to the affidavit in opposition. On March 6, 2008, counsel for CitiMortgage filed a supplemental affidavit in opposition to the

5

Objection. On March 28, 2008, counsel for Swiatkowski filed a Memorandum of Law. On
April 17, 2008, counsel for CitiMortgage filed a reply affirmation and cross-application for fees
and costs. On May 9, 2008, the Court conducted a hearing on the Objection. At a continued
hearing on October 17, 2008, the Court directed counsel for CitiMortgage to file a post hearing
submission on the issue of calculation of interest and the placing of forced placed insurance. On
October 24, 2008, counsel for CitiMortgage submitted a supplemental affidavit and the Court
took the matter under submission. This decision follows.

## DISCUSSION

### The Debtor Has Met Her Burden of Proof And
### The Objection to CitiMortgage's Proof of Claim Is Sustained

A proof of claim filed in conformance with the rules is presumptively valid. See
11 U.S.C. §502. See also In re Hemingway Transp., Inc., 993 F.2d 915 (1st Cir. 1993). The
party objecting has the initial burden of going forward and of introducing evidence sufficient to
rebut the presumption of validity. In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir. 1992). Such
evidence must be sufficient to demonstrate a true dispute and must have probative force equal to
the contents of the claim. Id. Upon introduction of sufficient evidence by the objecting party,
the burden shifts, and the claimant will have to meet the burden of proof by a preponderance of
the evidence. Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635 (3d Cir. 1991).

The debtor has met the burden of proof in objecting to CitiMortgage's proof of
claim. Conversely, as seen below, CitiMortgage has failed to meet its burden of proof on the
issue of deficiencies and late fees.

6

## A. Challenge of the Proof of Claim

Lidia Swiatkowski is the co-obligor (the "Objectant") of a mortgage and note executed in favor of CitiMortgage and the mother of the debtor. The mortgage and note are secured by an interest in the Massapequa Property. On November 7, 2007, CitiMortgage filed Proof of Claim No. 2. The Proof of Claim alleged a total secured debt in the amount of $475,473.99, broken down as follows:

| | |
|---|---|
| (A) Principal Balance | 221,773.69 |
| (B) Interest | 122,176.31 |
| (C) Escrow Advances | 79,463.31 |
| (D) Late Charges | 3,217.92 |
| (E) Deficiency Expenses | 38,366.98 |
| (F) Appraisal Fees | 1,565.00 |
| (G) Inspection Fees | 736.55 |
| (H) Interest on Escrow Advances | 8,174.23 |

A.    Principal Balance

With regard to the principal balance, the Objectant challenged the amount of the monthly mortgage payment. As previously noted, the documentation reflected significant confusion at CitiMortgage concerning the amount of the monthly mortgage payment.[2]   Referring to a prior foreclosure action in which the Massapequa Property was the subject and which resulted in the reinstatement of the mortgage in December 2001, the Objectant noted that the

---

[2]   On or about June 19, 2002, mortgagors received a letter from CitiMortgage informing them that the amounts remitted in the June 2002 payment were not sufficient to cover the monthly amount due of $4,753.28. On June 20, 2002, CitiMortgage informed the mortgagors that their payment was late and imposed late payment charge of $50.28. Later that month, by letter dated June 25, 2002, CitiMortgage informed the mortgagors that they were current through May 1, 2002 and were due for the June 1, 2002 payment. On or about July 11, 2002, CitiMortgage, according to the payment history, reversed the payments in the amount of $3,231.00 for two months and returned the payments to the objectant.

mortgagors remitted the prior payment amount of $3,231.00 to CitiMortgage from January 2002 through May 2002, and CitiMortgage accepted them. CitiMortgage's proof of claim states that the mortgagors failed to make mortgage payments for the period November 1, 2002 through October 1, 2007, a period of 60 months at a rate of $4,703.00, for a total principal balance of $282,180.00. The payment history reflects that effective May 2002, a time when CitiMortgage notified the mortgagors that they were current with their mortgage payments, CitiMortgage referred the file to its attorneys for foreclosure, even though it appears from its own records that the mortgagors were not in default in May 2002.

As the Objectant has established, CitiMortgage initially failed to provide sufficient documentation to support its Proof of Claim. In subsequent pre-and post-hearing submissions, in March and October 2008, CitiMortgage supplemented its Proof of Claim and responded to the Objection as noted below. CitiMortgage presented documentation to support the element in its Proof of Claim that the mortgagors failed to make mortgage payments from November 1, 2002 through October 1, 2007, a period of 60 months at a rate of $4,703.00, for a total principal balance of $282,180.00.

In conclusion, CitiMortgage has adequately established that the principal balance consisted of $221,773.69.

B.     Interest

The documentation reflects that the interest was calculated from October 1, 2002 through October 9, 2007 at a rate of 11% per annum (based on the mortgage note) for a total of $122,510.49, and the amount of interest set forth on the Proof of Claim has been sustained.

8

C.    Escrow Advances

In its Proof of Claim, CitiMortgage claimed escrow advances in the amount of

$79,463.31. CitiMortgage had failed to describe these payments in sufficient detail in the

documentation accompanying the Proof of Claim. In response to the Objection, CitiMortgage

described those advances as follows:

> Pre-petition Advances        74,165.88
>
> Post-Petition Advances       4,970.74 (school tax)

CitiMortgage provided documentation for payments totaling these amounts for school taxes,

town taxes and insurance advances.

D.    Late Charges

CitiMortgage has presented sufficient evidence to establish its entitlement to late

charges and uncollected late charges in the amount of 3,217.92. The amount claimed is allowed

in this amount.

E    Deficiency Expenses

The Proof of Claim contained a claim for deficiency expenses in the amount of

$38,366.98. CitiMortgage claimed it had incurred fees and expenses in the foreclosure and

federal proceedings in the amount of $38,066.98 as described below:

> Legal fees and expenses in the foreclosure action,
> Federal proceedings and three related appeals        34,611.38
> Bankruptcy Costs                                       2,800.00
> Cost of Appraisal                                        655.60

9

In the Objection, counsel for Swiatkowski argued that the post judgment charges merged into the foreclosure judgment. The Judgment of Foreclosure relied upon for this portion of the claim limits legal fees to the amount of $15,657.36. In order to collect amounts beyond the amounts allowed in the Judgment of Foreclosure, the mortgage documents must contain specific language allowing the clause to survive the mortgage merger in the judgment of foreclosure. In Re Lehal Realty Associates, 112 B.R. 588 (Bankr. S.D.N.Y. 1990). The Objectant contended that under the doctrine of merger, CitiMortgage may not collect additional fees and other expenses not expressly provided for in the judgment of foreclosure. In re Lehal Realty, supra. The Judgment of Foreclosure limits CitiMortgage to a recovery of $15,657.36. The Court adopts the reasoning and awards CitiMortgage deficiency expenses in the amount of $15,657.36.

F.          Other Expenses

The final items of CitiMortgage's Proof of Claim consisted of the following items.

| Appraisal Fees | 1,565.00 |
| Inspection Fees | 736.55 |
| Interest on Escrow Advances | 8,174.23 |

This Court finds that the interest on the escrow advances were not included in the Judgment of Foreclosure and Sale, and therefore reduces this portion of the Proof of Claim by $8,174.23, resulting in a total allowed amount of $2,301.55.

In conclusion, the Court finds that CitiMortgage has established entitlement to

10

allowance of claims on its Proof of Claim in the following amounts:

|                                  | Amount Sought | Amount Allowed |
|----------------------------------|---------------|----------------|
| (A) Mortgage Balance             | 221,773.69    | 221,773.69     |
| (B) Interest                     | 122,176.31    | 122,176.31     |
| (C) Escrow Advances              | 79,463.31     | 79,463.31      |
| (D) Late Charges                 | 3,217.92      | 3,217.92       |
| (E) Deficiency Expenses          | 38, 366.98    | 15,657.36      |
| (G) Appraisal Fees               | 1,565.00      | 1,565.00       |
| (H) Inspection Fees              | 736.55        | 736.55         |
| (I) Interest on Escrow Advances  | 8,174.23      | 0.00           |
| Total                            | 475,473.99    | 444,590.14     |

## CONCLUSION

The Court grants the Motion to the extent that it reduces CitiMortgage's Proof of

Claim and allows CitiMortgage's claim in the reduced amount of $444,590.14, as follows:

| (A) Mortgage Balance            | 221,773.69 |
|---------------------------------|------------|
| (B) Interest                    | 122,176.31 |
| (C) Escrow Advances             | 79,463.31  |
| (D) Late Charges                | 3,217.92   |
| (E) Deficiency Expenses         | 15,657.36  |
| (F) Appraisal Fees              | 1,565.00   |
| (G) Inspection Fees             | 736.55     |
| (H) Interest on Escrow Advances | 0.00       |
| Total                           | 444,590.14 |

IT IS SO ORDERED.

Dated: Brooklyn, New York
September 30, 2009

S/ Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge

11





SUPREME COURT STATE OF NEW YORK
COUNTY OF NASSAU

----------------------------------------x

CITIBANK, N.A.,                                    **Index No. 1197/03**

                        Plaintiff,

            -against-                              **NOTICE OF ENTRY**

MICHAEL    SWIATKOWSKI,    LIDIA
SWIATKOWSKI and BETINA SWIATKOWSKI,
AMERICAN    EXPRESS    TRAVEL    RELATED
SERVICES CO., INC., AMERICAN EXPRESS
CENTURION BANK,  SUSAN BAILEY,

                        Defendants.

----------------------------------------x

            TAKE NOTICE that the within is a true copy of a

Final Judgment duly entered in the office of the Clerk of

the Supreme Court of the State of New York, Nassau County

on or about **October 19, 2005.**

Dated: Rego Park, New York
            December 21, 2006

                        SWEENEY,  GALLO,  REICH  &  BOLZ,  LLP

                        By: _____
                            TODD D. POWELL, ESQ.
                            Attorneys for Plaintiff
                            95-25 Queens Boulevard
                            Suite 626
                            Rego Park, New York 11374
                            (718) 459-2634

TO: Michael Swiatkowski
        7 Park Lane Place
        Massapequa, NY, 11758                    **RECEIVED**

                                                **DEC 26 2006**

                                                NASSAU COUNTY
                                                COUNTY CLERK'S OFFICE

Lidia Swiatkowski
7 Park Lane Place
Massapequa, NY, 11758

Bettina Swiatkowski
7 Park Lane Place
Massapequa, NY, 11758

MALEWSKI, MALEWSKI & BOCCIO, LLP.
Attorneys for Defendant
657 Manhattan Avenue
Brooklyn, NY, 11222
ATTN: SUSAN BAILEY

Marianne DeRosa
STANDING TRUSTEE
100 Jericho Quadrangle
Suite 208
Jericho, NY, 11753

William J. Corbett, Esq.
REFEREE
113 South Tyson Avenue
Floral Park, NY, 11001

At an IAS Part 28 of the
Supreme Court of the State of
New York, held in and for the
County   of   Nassau   at   the
Courthouse      thereof,      100
Supreme Court Drive, Mineola,
New York on the 30ᵗʰ day of
September , 2005.

P R E S E N T:

HON. THOMAS FEINMAN,
                  J.S.C.
-------------------------------------------------x
CITIBANK, N.A.,                                      Index No. 1197/03

                    Plaintiff,

                                                     **FINAL JUDGMENT OF
        -against-                                    FORECLOSURE AND SALE**

MICHAEL SWIATKOWSKI, LIDIA SWIATKOWSKI and
BETINA SWIATKOWSKI, AMERICAN EXPRESS TRAVEL
RELATED   SERVICES   CO.,   INC.,   AMERICAN
EXPRESS CENTURION BANK,   SUSAN BAILEY,

                    Defendants.
-------------------------------------------------x

        Upon the summons and complaint and notice of pendency

of action previously filed herein on January 23, 2003, and on

the prior attorney's affirmation of Estee Taras, Esq., dated

October 1, 2003, in support of plaintiff's motion for summary

judgment and demonstrating that all of the defendants have been

duly  served  herein  and  defaulted  or  served  a  notice  of

appearance  herein,  and  on  the  affidavits  of  service  of  the

defendants previously filed herein, and upon the Answer of the

Defendants  Michael  Swiatkowski  and  Lidia  Swiatkowski  (the

"Defendants")  and  upon  the  Order  entered  herein  on  or  about

March 10, 2004, striking the Answer of the Defendants, granting summary judgment and appointing Claudia Schultz, Esq., as referee and upon the Order of the Court dated April 26, 2004 denying the Defendants motion to reargue, upon the Order dated September 7, 2004, appointing William J. Corbett, Esq. as substitute referee (the "Referee") to ascertain and compute the amount due to the plaintiff pursuant to the note and mortgage and to protect the lien of said mortgage, and to examine and report whether the mortgaged premises can be sold in parcels; and

Upon the Order dated November 10, 2004 denying the Defendants order vacating the Judgment and dismissing this action; and

Upon the Notice of Motion returnable April 26, 2005 for an Order and Judgment Confirming the Report of the Referee, and for the relief demanded in the complaint, judgment of foreclosure and sale, and extra allowance pursuant to CPLR, in addition to taxable costs, disbursements, and reasonable attorney's fees, and having come before the Court on August 16, 2005 for conference; plaintiff's motion was granted and cross motion of subordinate mortgagee granted by annexed short form Order of the Court dated September 9, 2005; and

Upon reading and filing the oath and report of the Referee dated December 21, 2004, simultaneously filed herewith, from which report it appears that the sum of $309,745.47 was due to plaintiff as of May 31, 2004, on the note and mortgage described in the complaint, and that the mortgaged premises should be sold in one parcel; and

Upon the affirmation of Rosemarie A. Klie, Esq., dated April 6, 2005, previously filed herein, from which it appears that this action was brought to foreclose a mortgage on certain real property situated at 7 Park Lane Place, Massapequa, in the County of Nassau and State of New York, and that the whole amount secured by said mortgage is due and payable as computed in the aforesaid Referee's report, and that all of the defendants herein have been duly served with the summons and complaint, and upon the entry of default judgment on plaintiff's foreclosure complaint against the defendants, and that none of the defendants is an infant, incompetent or absentee,

NOW, on motion of Manton, Sweeney, Gallo, Reich & Bolz, LLP., attorneys for the plaintiff, it is

-3-

*ORDERED, that the motion is hereby granted without opposition and it is further*

ORDERED, ADJUDGED and DECREED, that the report of the

Referee, dated December 21, 2004, be and the same is hereby in

all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED and DECREED, that plaintiff is

entitled to judgment establishing the validity of said mortgage

and that plaintiff is entitled to recover upon said mortgage

herein the sum of $309,745.47, with interest thereon from May

31, 2004 to date of the closing of title of the referee's sale

of the mortgaged premises, and also any amount paid by plaintiff

for local realty taxes, water charges and assessments, hazard

and F.H.A. Insurance, and the preservation or protection of the

property; and it further

ORDERED, ADJUDGED and DECREED, that said premises

affected by said mortgage set forth in the complaint herein and

hereinafter set forth, constituting one parcel be sold in one

parcel at public auction, <u>on a Tuesday at 11:30 A.M. in the</u>

<u>Calendar Control Part (CCP) Courtroom of the Supreme Court, 100</u>

<u>Supreme Court Drive, Mineola, New York,</u> under the direction of

*Fiduciary ID 144559*

<u>William J. Corbett, Esq., Referee,</u> and that said Referee give

public notice of the time and place of sale according to law

and the rules and practice of this Court by publishing the

n o t i c e      o f      s a l e      i n      t h e

*Massapequa Post 1095 A Park Blvd. Massapequa Park*

-4-

and that plaintiff on such sale, or any other party to this
action, may become the purchaser, and that said Referee shall
sell and convey said premises subject to the  following:

1.    Any state of facts which would be shown by an
accurate survey;

2. All covenants, restrictions, easements, agreements
and reservations, if any, of record, and to any violations
thereof;

3.    Any and all building and zoning regulations,
restrictions and ordinances of the municipality in which said
premises are situated, and any violations of the same;  ·

4.    Any and all orders or requirements issued by any
governmental body having jurisdiction against or affecting said
premises, and any violations thereof;

5.    The right, if any, of the United States of America
to redeem the premises pursuant to Title 28; Section 2410 of the
United States Code; and

6.    The physical condition of any building or
structure on the premises as of the date of sale hereunder;
that said Referee shall then deposit the balance of such
proceeds in _Citibank 199 Second Street, Mineola, NY 11501_
_____and shall thereafter make the
following payments, and his checks drawn for such purpose shall
be paid by said  depository.

First: He shall pay a sum ~~not exceeding~~ $500. for
said Referee's fees as provided in Section 8003(b) of the Civil
Practice Law and Rules.

-5-

Second: He shall pay the advertising and posting expenses shown by the bills presented and certified by said Referee to be correct.

Third: He shall pay all local realty taxes, water rates and assessments which are or shall become liens on said premises to the date of sale, and redeem any such liens that may be sold.

Fourth: In the case where the plaintiff is not the purchaser of the premises, local realty taxes shall be apportioned as of midnight of the day before the auction.

Fifth: He shall pay to the plaintiff or plaintiff's attorney the sum of $ _____ adjudged to plaintiff for the costs and disbursements of this action, to be taxed by the Clerk of the Court and an additional allowance of $ _300.00_ awarded to plaintiff or plaintiff's attorney, in addition to costs with interest thereon, and an amount of $ 17552.25 to plaintiff's attorneys for reasonable attorneys' fees as provided in the note and mortgage, and also the sum of $309,745.47 in the amount reported due as aforesaid, together with interest thereon from May 31, 2004 to the date of the closing of title of the referee's sale of the mortgaged

-6-

premises, and also any amounts paid by plaintiff for any hazard

and F.H.A. Insurance, or the preservation of the property and,

unless the premises are sold subject thereto, any payments

necessary to satisfy all local realty taxes, water and other

municipal charges and assessments, and that he take a receipt or

affidavit thereof and file it with his report of sale.

Sixth: He shall, within five days after the same shall

be received and be ascertainable, place on deposit  with the

_____ *Treasurer* _____ of the _____ *County* _____

of _____ *Nassau* _____ the surplus money, if any, to the credit

of this action, to be withdrawn, only on an order of this Court

*that the said report of sale by or under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made*

signed by a Justice of this  Court, and it is further

ORDERED, ADJUDGED and DECREED, that in case the

plaintiff shall become the purchaser of the Premises  directed

to be sold at an amount equal to or less than the  amount due

under this judgment with costs, allowance and  expenses, the

payment by the plaintiff to said Referee of  the sum bid by it

for said Premises or any part thereof, is  hereby dispensed

with, and that the plaintiff shall be given  due credit and

allowance by said Referee for the amount due,  and that

plaintiff before the delivery of the deed to it,  shall pay the

fee of the Referee and the expenses of sale  as specified in

items marked "First" and "Second" above, and  all local realty

-7-

taxes, assessments and water rents which  may be a lien upon said Premises at the time of such sale,  unless the Premises are sold subject thereto; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to said referee, upon delivery to plaintiff of said referee's deed, the amount of such surplus; that said referee on receiving said several amounts from plaintiff shall forthwith pay therefrom said taxes, assessments, water rates and sewer rents, with any interest or penalties thereon, unless said sale be made subject thereto, or unless the same have already been paid; and

ORDERED, ADJUDGED AND DECREED, that after making the payments as aforesaid, if an y proceeds shall then remain, the said Referee shall ascertain, compute and pay to the Defendant SUSAN BAILEY, the amount due on her Mortgage dated April 8, 1991 for principal and interest, or so much as the then remaining proceeds will pay and take the receipt of the holder or her attorney for the amount so paid, and file same with his report of sale, all in accordance with the provisions of Section 1354(3) of the Real Property Actions and Proceedings Law; and

ORDERED, ADJUDGED AND DECREEE, that the said Referee shall then deposit the balance of surplus monies, if any, with the Nassau County Treasurer within five days after the same

-8-

shall be received and be ascertainable, to the credit of this

action, to be withdrawn only on the order of the Court, signed

by a Justice of the Court; and it is  further

ORDERED, ADJUDGED and DECREED, that said Referee

make a report of sale and file it with the Clerk of the  County

of Nassau within 30 days of completing the sale and executing

the proper conveyance to the purchaser; and that if the proceeds

of sale be insufficient to pay the amounts that are reported due

to plaintiff with the expenses of the aforesaid sale, interest,

costs, allowances and local realty taxes, water charges and

assessments and interest as  aforesaid, the said Referee shall

specify the amounts of  such deficiencies in his report of sale,

and that plaintiff  may apply to the Court for such deficiency

judgment against the defendants, Michael Swiatkowski, Lidia

Swiatkowski and Betina Swiatkowski, upon notice, and also upon

complying with Section 1371 of the Real Property Action and

Proceedings Law, unless discharged in bankruptcy; and it is

further

ORDERED, ADJUDGED and DECREED, that each and all of

the defendants in this action, and also all persons claiming

under them or any of them, after the filing of a notice of

pendency of action, be and the same hereby are forever  barred

and foreclosed of all right, claim, lien, title,  interest and

equity of redemption in said premises and every part thereof, except nothing herein shall bar any right of the United States of America to redeem as provided in Title 28 of the United States Code, Section 2410; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed; and it is further

ORDERED, ADJUDGED and DECREED, that in the event that the plaintiff shall elect to accept a purchase money mortgage from any purchaser or purchasers at such sale, the amount thereof shall be credited against the amount due the plaintiff under this judgment, and that the purchaser, or purchasers, shall not be required to pay the same in cash, but shall be credited upon its bid with such amount, and that the Referee take plaintiff's receipt for such amount and file it with his report of sale; and it is further

ORDERED, that in the event title does not pass in this foreclosure action, the Referee is awarded a non-refundable processing fee of $250.00 (see CPLR 8003), and it is further

-10-

ORDERED, that the Referee appointed to sell herein be served with a signed copy of this Judgment of Foreclosure and Sale with notice of entry; and

ORDERED, that by accepting this appointment the referee certifies that he is in compliance with Part 36 of the Rules of Chief Judge (22 NYCRR Part 36), including but not limited to, section 36.2(c) ("Disqualifications from appointment"), and section 36.2(d) ("Limitations on appointments based upon compensation"); and

THAT a particular description of said premises described in said mortgage and to be sold by said Referee is annexed hereto as Schedule A.

ORDERED, THAT THE REFEREE MUST SUBMIT THE NOTICE OF SALE TO THE MOTION SUPPORT OFFICE, IN THE SUPREME COURT, ROOM 152, AT LEAST 10 DAYS PRIOR TO THE DATE OF AUCTION.

E N T E R,

_____

J.S.C.

**E N T E R E D**

OCT 13 2005

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Our File No. 5025.378

**INTRACOASTAL ABSTRACT CO., IN**

### Title No. M-18800N

### SCHEDULE A
### DESCRIPTION

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being at Massapequa, Town of Oyster Bay, County of Nassau and State of New York, known and designated as Lots No. 339, 340, 341 and 342 on a certain map entitled "Map of Biltmore Shores Sec. 1, Massapequa, L.I. surveyed March 1926 by Smith & Malcomson, Inc. C.E. Freeport, N.Y." and filed in the Office of the Clerk of the County of Nassau as Map No. 602, bounded and described as follows;

BEGINNING at a point on the southeasterly side of Park Lane Place distance 960.35 feet southerly and southwesterly measured along the easterly and southeasterly side of Park Lane Place from the corner formed by the intersection of the easterly side of Park Lane Place with the southerly side of Canal Road as shown on said plan;

RUNNING THENCE southeasterly along the dividing line between lots 342 and 343 and at right angles to Park Lane Place, 109.07 feet to the westerly side of Alhambra Canal;

THENCE southerly along said Canal 76.90 feet;

THENCE northwesterly along the dividing line between lots 338 and 339 and again on a radial line 123.85 feet to the southeasterly side of Park Lane Place;

THENCE northeasterly along southeasterly side of Park Lane Place 79.476 feet to the point or place of BEGINNING.

## AFFIDAVIT OF SERVICE
## BY MAIL

STATE OF NEW YORK, COUNTY OF QUEENS)    ss.:

Fabiola Sanon, being duly sworn, says: that I am over the age of eighteen years and am not a party herein, that I reside in Kings County, and that on the _62_ day of December, 2006 I served a true copy of the within:

### NOTICE OF ENTRY JUDGMENT OF FORECLOSURE AND SALE

upon the party hereinafter named at the place hereinafter stated and set opposite his name by mailing the same to be properly enclosed in a post-paid, properly addressed wrapper, and deposited in an official depository under the exclusive care and custody of the United States Post Office Department within the City and State of New York, directed to said party at his last known address given below:

NAME/ADDRESS

Michael Swiatkowski
7 Park Lane Place
Massapequa, NY, 11758

Lidia Swiatkowski
7 Park Lane Place
Massapequa, NY, 11758

Bettina Swiatkowski
7 Park Lane Place
Massapequa, NY, 11758

MALEWSKI, MALEWSKI &
BOCCIO, LLP.
Attorneys for Defendant
657 Manhattan Avenue
Brooklyn, NY, 11222
ATTN: SUSAN BAILEY

Marianne DeRosa
STANDING TRUSTEE
100 Jericho Quadrangle
Suite 208
Jericho, NY, 11753

William J. Corbett, Esq.
REFEREE
113 South Tyson Avenue
Floral Park, NY, 11001

Sworn to before me this
_62_ day of December, 2006

_____
NOTARY PUBLIC

TODD J. POWELL
Notary Public, State of New York
No. 02PO6143460
Qualified in Nassau County
Commission Expires April 10, 2010

_____
FABIOLA SANON

Index No. 1197/03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

CITIBANK, N.A.,

Plaintiff,

-against-

MICHAEL SWIATKOWSKI, LIDIA SWIATKOWSKI and BETINA SWIATKOWSKI,
AMERICAN EXPRESS TRAVEL RELATED SERVICES CO., INC.,
AMERICAN EXPRESS CENTURION BANK,   SUSAN BAILEY,

Defendant.

NOTICE OF ENTRY JUDGMENT OF FORECLOSURE AND SALE

Signature (Rule 130-1.1-a)

TODD J. POWELL, ESQ.

SWEENEY, GALLO, REICH & BOLZ, LLP
Office and Post Office Address, Telephone
95-25 Queens Boulevard - Suite 626
Rego Park, New York 11374
(718) 459-2634

To
Attorney(s) for Plaintiff

Service of a copy of the within       is hereby admitted.
Dated,

                                                          Attorney's for

Sir:-Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20

☐ NOTICE OF SETTLEMENT
that an order .         of which the within is a true copy will be presented for .
settlement to the HON.              one of the judges
of the within named court, at
on         20 . at       M.
Dated,                                              Yours, etc.
                                                   SWEENEY, GALLO, REICH &
                                                   BOLZ, LLP
                                                   Office and Post Office
                                                   Address, Telephone
                                                   95-25 Queens Boulevard
                                                   Suite 626
                                                   Rego Park, New York 11374
                                                   (718) 459-2634



SUPREME COURT STATE OF NEW YORK
COUNTY OF NASSAU



------------------------------------------x

CITIBANK, N.A.,                                    **Index No. 1197/03**

                          Plaintiff,

          -against-                                **NOTICE OF ENTRY**

MICHAEL    SWIATKOWSKI,    LIDIA
SWIATKOWSKI and BETINA SWIATKOWSKI,
AMERICAN    EXPRESS    TRAVEL    RELATED
SERVICES CO., INC., AMERICAN EXPRESS
CENTURION BANK, SUSAN BAILEY,

                          Defendants.

------------------------------------------x

          TAKE NOTICE that the within is a true copy of a

Final Judgment duly entered in the office of the Clerk of

the Supreme Court of the State of New York, Nassau County

on or about **October 19, 2005.**

Dated: Rego Park, New York
          December 21, 2006

                    SWEENEY, GALLO, REICH & BOLZ, LLP

          By: _____
                    TODD J. POWELL, ESQ.
                    Attorneys for Plaintiff
                    95-25 Queens Boulevard
                    Suite 626
                    Rego Park, New York 11374
                    (718) 459-2634

TO: Michael Swiatkowski
    7 Park Lane Place
    Massapequa, NY, 11758

**RECEIVED**

DEC 26 2006

NASSAU COUNTY
COUNTY CLERK'S OFFICE



assapequa, Farmingdale and Plainedge
otball teams head to playoffs...Page 3

*Veterans hold flag
ceremony...Page 3*

# MASSAPEQUA POST

OUR AWARD-WINNING NEWSPAPER          50-CENTS          WEDNESDAY, NOVEMBER 9, 2005

Celebrating more than 50 years of community service www.massapequapost.com

VOL. 51 NO. 45
Published weekly. Entered as Periodical Postage paid at the Post Office at
Massapequa Park, NY (USPS 333-440). Copyright 1991 ACJ Communications,
Inc., 1045B Park Blvd., Massapequa Park, NY 11762.

*The Massapequa Post is the hometown newspaper of Sandra Chiletti of Massapequa Park*

g the communities of Massapequa, Massapequa Park, Plainedge, North Massapequa and South Farmingdale

## S Assemblyman Joseph Saladino finds "lesson" in a bottle



for the first time in two years. Inside was the well preserved note that said simply, "If found, please write back; please be my pen pal."

The youngsters looked at it and then passed it around the classroom for everyone else to see.

"I remember when we did it," said Chris who was also nine years old when they wrote the note. "I threw it out at low tide so the water would take the bottle away from the shore."

Chris is the son of Valerie Broccoli, and is a stu-

(Continued on page 15)

### Massapequa Water District billing to reflect actual usage

by Ronald J. Scaglia

The Massapequa Water District has announced changes in the way customers are billed. Custom-



lyn James
3, after watching
on the History
l, three cousins
gether    at    a
equa    home in
ne of them lived
ided to write a
t it into a bottle
it adrift in the
uth Bay.
t two years later
y, as he fished in
ff the Great South-
w York State As-
man    Joseph
o picked up the
hich still had the

**16• MASSAPEQUA POST, NOVEMBER 9, 2005**

# PUBLIC NOTICES — Your Right to Know!

PUBLIC HEARING CALENDAR

**NOTICE OF PUBLIC MEETING BY THE ZONING BOARD OF APPEALS**

Pursuant to the Provisions of Chapter 246, Article III, Section 246-16-E of the Code of the Town of Oyster Bay, notice is hereby given that the Zoning Board of Appeals has scheduled a public meeting, which will take place in the Town Hall Meeting Room, Audrey Avenue, Oyster Bay, new York, on NOVEMBER 17, 2005, at 7:00 P.M. to consider the following appeals:

BY ORDER OF THE ZONING BOARD OF APPEALS

APPEAL NO. 05-664
MASSAPEQUA

VINCENT J. ROCCARO:

Variance: erect a fence
having greater height than
allowed by Ordinance.
SE/cor. of Boundary Avenue
and Manetto Lane, Massapequa

APPEAL NO. 05-666
MASSAPEQUA

MICHAEL MORMON:

by Ordinance.
W/s/o Cedar Drive, 680 ft.
S/o Hempstead Turnpike,
a/k/a  26 Cedar Drive,
Farmingdale, NY
November 7, 2005
BY ORDER OF THE ZONING BOARD OF APPEALS

TOWN OF OYSTER BAY,
OYSTER BAY, NEW
YORK
1X 11/9/05 #809

SUPREME COURT -
COUNTY OF NASSAU
CITIBANK, N.A.,
Plaintiff       against
M I C H A E L
SWIATKOWSKI, LIDIA
SWIATKOWSKI, et al
Defendant(s).
Pursuant to a Judgment of
Foreclosure and Sale entered herein and dated September 30, 2005, I, the undersigned Referee will sell
at public auction in the
Calendar Control Part
(CCP) of the Supreme
Court, 100 Supreme Court
Dr., Mineola, NY on the
29th day of December, 2005
at 11:30 AM premises lying
and being at Massapequa,
Town of Oyster Bay, County
of Nassau and State of New
York, Known and designated as Lots Number 339,
340, 341, and 342 on a certain map entitled "Map of
Biltmore Shores Sec 1,
Massapequa, L.I. surveyed
March 1926 by Smith &
Malcomson, Inc. C. E.
Freeport, N.Y." and filed in
the Office of the Clerk of
Nassau County ...

(CCP) courtroom of the Supreme Court, 100 Supreme
Court Drive, Mineola, N.Y.
on the 13th day of December, 2005 at 11:30 a.m. premise Beginning at a point
on the Westerly side of Forest Avenue, distant 639.90
feet Southerly from the corner formed by the intersection of the Westerly side of
Forest Avenue with the
Southerly side of Jefferson
Place; Running thence
South 8 degrees 08 minutes
30 seconds West along the
said Westerly side of Forest Avenue, a distance of
80.00 feet; Thence North
86 degrees 51 minutes 30
seconds West, a distance of
100.00 feet; Thence South
8 degrees 51 minutes 30
seconds East, a distance
100.00 feet to the Westerly
side of Forest Avenue, at
the point and place of beginning.   Said premises
being known as 90 Forest
Avenue, Massapequa, N.Y.
Approximate amount of lien
$... SBL #, 65, 66, & 2-243.
Index No. ... Approximate
premises will be sold subject to provisions of filed
judgment and terms of sale.
Index No. 13689/04.  Thomas Carroll, Esq., Referee.
Fein Such & Crane, LLP,
Attorney(s) for Plaintiff,
1800 First Federal Plaza,
Rochester, N.Y. 14614

SUPREME     COURT
COUNTY OF NASSAU
BANCO   POPULAR
NORTH AMERICA,
Plaintiff against THREE
MAPLES, INC., et al Defendant (s).  Pursuant to a
Judgment of Foreclosure
and Sale entered herein
and dated August 5, 2005,
I, the undersigned Referee
will sell at public auction in
the Calendar Control Part
(CCP) of the Supreme
Court, 100 Supreme Court
Dr., Mineola, NY on the
13th day of December, 2005
at 11:30 AM premises lying
and being in the Town of
Oyster Bay, County of
Nassau and State of new
York, Known as and by
Lots Numbered 335, 336,
337 and 339 in Block G, as
shown and designated on a
certain map entitled, "Map
of Shoreville Park, addition
number # 1, k amending
Block numbers 10 and 20
of Shoreville Park, Property of Osceola Realty corp ...

the easterly side of Forest
Avenue distant 154.24 feet
southerly from the corner
formed by the intersection of
the easterly side of Forest
Avenue with the southerly
side of Garfield Place;
Being a plot 100 feet by 100
feet.
Said premises known as 157
FOREST AVENUE, MASSAPEQUA, NY
Approximate amount of lien
$807,770.65 plus interest &

## Winter CLEAN UP

**Having a Garage Sale**
**Want to sell something**

*Put a classified ad in the*

**MASSAPEQUA POST** · **BEACON** · **P.O.**
364-0077 · 587-5612 · 798-81

*for as little as $25*
*and reach 45,000 readers*
*on the South*

*from Seyville...*

**TRASH to CASH**
**Call...**

Turn that...

costs.   Premises
sold subject to prior...
of filed judgment...
terms of sale. Index...
ber 009224/04.
BRONWYN          B
ESQ., Referee.
Michael McAuliffe
Attorney(s) for Plaintiff
48 South Service
Suite 102, Melville
11747
4x 11/30/05 #812



## AFFIDAVIT OF SERVICE
## BY MAIL

STATE OF NEW YORK, COUNTY OF QUEENS)  ss.:

Fabiola Sanon, being duly sworn, says: that I am over the age of eighteen years and am not a party herein, that I reside in Kings County, and that on the _62_ day of December, 2006 I served a true copy of the within:

### NOTICE OF ENTRY JUDGMENT OF FORECLOSURE AND SALE

upon the party hereinafter named at the place hereinafter stated and set opposite his name by mailing the same to be properly enclosed in a post-paid, properly addressed wrapper, and deposited in an official depository under the exclusive care and custody of the United States Post Office Department within the City and State of New York, directed to said party at his last known address given below:

NAME/ADDRESS

Michael Swiatkowski
7 Park Lane Place
Massapequa, NY, 11758

Lidia Swiatkowski
7 Park Lane Place
Massapequa, NY, 11758

Bettina Swiatkowski
7 Park Lane Place
Massapequa, NY, 11758

MALEWSKI, MALEWSKI &
BOCCIO, LLP.
Attorneys for Defendant
657 Manhattan Avenue
Brooklyn, NY, 11222
ATTN: SUSAN BAILEY

Marianne DeRosa
STANDING TRUSTEE
100 Jericho Quadrangle
Suite 208
Jericho, NY, 11753

William J. Corbett, Esq.
REFEREE
113 South Tyson Avenue
Floral Park, NY, 11001

Sworn to before me this
_62_ day of December, 2006

_____
NOTARY PUBLIC

TODD J. POWELL
Notary Public, State of New York
No. 02PO6143460
Qualified in Nassau County
Commission Expires April 10, 2010

_____
FABIOLA SANON





## **AFFIDAVIT OF SERVICE**

*MIROSLAW KOMBEL*        , the undersigned, being dully sworn, says: I am over 18 years of age, I am not a party to the action in the above-captioned case. I am a resident of Massapequa, New York.

On October 27 , 2009 I served a true copy of the attached **"Objection to Order Denying Confirmation of Chapter 13 and Dissmissing the Case without Prejudice" BY REGULAR MAIL** by causing a true copy thereof to be enclosed in a post-paid wrapper for overnight delivery and by depositing a copy enclosed in paid wrapper, in an official depository under the exclusive care, custody and control of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

CC:

**Rashel M Mehlman**
Manton Sweeney Gallo Reich & Bolz LLP
95-25 Queens Boulevard - Suite 626
Rego Park, NY 11374

**Michael J. Macco, Esq.**
Chapter 13 Trustee
135 Pinelawn Rd, Suite 120 south
Melville, NY 11747

*Miroslaw Kombel*

**Diana G. Adams**
Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY 11722-4437

**STATE OF** New York
**COUNTY OF** Nassau

**SWORN/SUBSCRIBED TO BEFORE ME**
**PERSONALLY APPEARED** Miroslaw Kombel
**ON THIS DAY OF** October 27, 2009
Donna M Philipp
**NOTARY PUBLIC**

State of New York
County of Nassau

Sworn to before me on this
th day of October  27, 2009

DONNA M. PHILIPP
Notary Public, State of New York
No. 01PH6167441
Qualified in Nassau County
COMMISSION EXPIRES 05/29/2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:
BETINA G. KOLOCH a/k/a

BETINA SWIATKOWSKI


                          Debtor(s)
------------------------------------------------------X

NOTICE OF CANCELLATION
OF ATTORNEY

Chapter 13
Case No.: 07-73919-633

TO THE HONORABLE DENNIS E. MILTON, UNITED STATES BANKRUPTCY JUDGE

**NOTICE OF CANCELLATION**

PLEASE TAKE NOTICE, that I, Lidia Swiatkowski, a party in interest and co-obligor

(mortgagor) being dully sworn, cancel my attorneys Avrum J. Rosen and Fred S.

Kantrow of the Law Offices of Avrum J. Rosen, PLLC for the following reasons:

1.      That I don't agree with my legal team opinion that the court "provided the

best possible outcome under these difficult circumstances" where as team of attorneys

Sweeney, Gallo, Reich & Boltz, LLP and CitiMortgage, Inc ("CitiMortgage") creditor by

filing Proof of Claim for $475,473.99 committed  crime by breaking Rule Title 18 U.S.C.

Sec. 152 (1,2,3,4) and 3571 of the Bankruptcy Law.

2.      That attorneys Sweeney, Gallo, Reich & Boltz, LLP and CitiMortgage, Inc

("CitiMortgage") creditor by filing Suplemental Affidavit in Further Response to

Objection to Claim Filled by Rashel M. Mehlam on behalf of Citibank N.A. docket 52

filled on October 24, 2008 committed crime by severally breaking Rule Title 18 U.S.C.

Sec. 152 (1,2,3,4) and 3571 of the Bankruptcy Law.

Where as Exhibit I of the said document have been in part fabricated to substantiate the claim. The said document have never been served although it contains the Notice of Entry (fabricated) and Affidavit of Service (fabricated)

Where as the Notice of Entry and Affidavit of Service in original copy of order registered within the NY State Supreme Court records does not exist.

Whereas the file have been claimed to be sent 1 year and 2 months after the order have been entered by the Supreme Court Judge.

Where as this ordered sale have been listed in local newspapers illegally on November 9th , 2005 This is because it did not provide notification at all to parties involved. The Affidavit of Service states that Mail Service was done more than a year after a sale listing in a paper.

The Sworn Notary for Affidavit of Service in the order above is also signed by the same Attorney for Sweeney, Gallo, Reich & Boltz, LLP, Todd Powell, ESQ, who signed off on the Notice of Service on the same order.

Where as, upon closer examination of the said order it shows that the Nassau County, County Clerks Office Seal of receipt have been tempered and alteration changes dates from year 2005 to 2006.

Dated: October 26, 2009                                    Sincerely,

STATE OF New York
COUNTY OF Nassau

SWORN/SUBSCRIBED TO BEFORE ME                            *Lidia Swiatkowska*
PERSONALLY APPEARED Lidia Swiatkowska      Lidia Swiatkowska
ON THIS DAY OF October 27, 2009            7 Park Lane Place
Donna M Philipp                            Massapequa NY 11758
NOTARY PUBLIC                              Tel. (516)809-5332

To:    Michael J. Macco
              DONNA M. PHILIPP
            Notary Public, State of New York
                 No.01PH6167441
             Qualified in Nassau County
            COMMISSION EXPIRES 05/29/2011

Where as Exhibit I of the said document have been in part fabricated to substantiate the claim. The said document have never been served although it contains the Notice of Entry (fabricated) and Affidavit of Service (fabricated)

Where as the Notice of Entry and Affidavit of Service in original copy of order registered within the NY State Supreme Court records does not exist.

Whereas the file have been claimed to be sent 1 year and 2 months after the order have been entered by the Supreme Court Judge.

Where as this ordered sale have been listed in local newspapers illegally on November 9th , 2005 This is because it did not provide notification at all to parties involved. The Affidavit of Service states that Mail Service was done more than a year after a sale listing in a paper.

The Sworn Notary for Affidavit of Service in the order above is also signed by the same Attorney for Sweeney, Gallo, Reich & Boltz, LLP, Todd Powell, ESQ, who signed off on the Notice of Service on the same order.

Where as, upon closer examination of the said order it shows that the Nassau County, County Clerks Office Seal of receipt have been tempered and alteration changes dates from year 2005 to 2006.

Dated: October 26, 2009                         Sincerely,

STATE OF New York
COUNTY OF Nassau                               *Lidia Swiatkowska*

SWORN/SUBSCRIBED TO BEFORE ME
PERSONALLY APPEARED Lidia Swiatkowska          Lidia Swiatkowska
ON THIS DAY OF October 27, 2009                7 Park Lane Place
Donna M Philipp                                Massapequa NY 11758
NOTARY PUBLIC                                  Tel. (516)809-5332

To:     Michael J. Macco
                DONNA M. PHILIPP
                Notary Public, State of New York
                No. 01PH6167441
                Qualified in Nassau County
                COMMISSION EXPIRES 05/29/2011

## AFFIDAVIT OF SERVICE

*MIROSLAW KOMBEL*, the undersigned, being dully sworn, says: I am over 18 years of age, I am not a party to the action in the above-captioned case. I am a resident of Massapequa, New York.

On October 27 , 2009 I served a true copy of the attached **"Notice of Cancellation of Attorney" BY REGULAR MAIL** by causing a true copy thereof to be enclosed in a post-paid wrapper for overnight delivery and by depositing a copy enclosed in paid wrapper, in an official depository under the exclusive care, custody and control of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

CC:

**Rashel M Mehlman**
Manton Sweeney Gallo Reich & Bolz LLP
95-25 Queens Boulevard - Suite 626
Rego Park, NY 11374

**Michael J. Macco, Esq.**
Chapter 13 Trustee
135 Pinelawn Rd, Suite 120 south
Melville, NY 11747

**Diana G. Adams**
Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY 11722-4437

**Fred S. Kantrow**
Law Offices of Avrum J. Rosen, PLLC
Attorneys at Law
38 New Street
Huntington, NY 11743

*Rooslaw Combel*

State of New York
County of Nassau

Sworn to before me on this
    th day of October  27, 2009

**STATE OF** New York
**COUNTY OF** Nassau

**SWORN/SUBSCRIBED TO BEFORE ME**
**PERSONALLY APPEARED** Miroslaw Kombel
**ON THIS DAY OF** October  27, 2009
*Anna M Klein*

**NOTARY PUBLIC** PHILIPP
Notary Public, State of New York
No. 01PH6167441
Qualified in Nassau County
COMMISSION EXPIRES 05/29/2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

In re:
BETINA G. KOLOCH a/k/a

BETINA SWIATKOWSKI

**NOTICE OF PRO SE REPRESENTATION**
Chapter 13
Case No.: 07-73919-633

Debtor(s)

----------------------------------------------------------X

TO THE HONORABLE DENNIS E. MILTON, UNITED STATES BANKRUPTCY JUDGE:

## NOTICE OF PRO SE REPRESENTATION

PLEASE TAKE NOTICE, that I, Lidia Swiatkowski, a party in interest and co-

obligor, (mortgagor), will represent myself as PRO SE in court of Hon. Dennis E. Milton

in a bankruptcy case #07-73919-633 as of October 27, 2009 until the time I will find new

attorney in view of my recent decision to dismiss Avrum J. Rosen and Fred S. Kantrow

of the Law Offices of Avrum J. Rosen, PLLC as my counsel.

Dated: October 26, 2009                    Sincerely,

*Lidia Swiatkowski*

Lidia Swiatkowska
7 Park Lane Place
Massapequa NY 11758
Tel. (516)809-5332

To:    Michael J. Macco
       Chapter 13 Trustee
       135 Pinelawn Road, Suite 120 South
       Melville, New York 11747
       (631)549-7900

*MIROSLAW KOMBEL*

**AFFIDAVIT OF SERVICE**

*A. KOMBEL* , the undersigned, being dully sworn, says: I am over
18 years of age, I am not a party to the action in the above-captioned case. I am a resident
of Massapequa, New York.
On October 27 , 2009 I served a true copy of the attached **"Notice of Pro Se
Representation" BY REGULAR MAIL** by causing a true copy thereof to be enclosed
in a post-paid wrapper for overnight delivery and by depositing a copy enclosed in paid
wrapper, in an official depository under the exclusive care, custody and control of the
United States Postal Service within New York State, addressed to each of the following
persons at the last known address set forth after each name:
CC:

**Michael J. Macco, Esq.**
Chapter 13 Trustee
135 Pinelawn Rd, Suite 120 south
Melville, NY 11747

*Miroslaw Kombel*

**STATE OF** *New York*
**COUNTY OF** *Nassau*

**SWORN/SUBSCRIBED TO BEFORE ME**
**PERSONALLY APPEARED** *Miroslaw Kombel*
**ON THIS DAY OF** *October 27, 2009*

State of New York
County of Nassau

**NOTARY PUBLIC**

Sworn to before me on this
    th day of October  27, 2009

DONNA M. PHILIPP
Notary Public, State of New York
No. 01PH6167441
Qualified in Nassau County
COMMISSION EXPIRES 05/29/2011