UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re                                                                    Case No.  8-07-73919-dem

BETINA G. KOLOCH
a/k/a/ BETINA SWIATKOWSKI,                              Chapter 13

                                    Debtor.
------------------------------------------------------------X

## DECISION AND ORDER ON OBJECTION

DENNIS E. MILTON
United States Bankruptcy Judge

   The matter comes before the Court on the objection of Lidia Swiatkowski ("Swiatkowski"), a party in interest and co-obligor, to Proof of Claim No. 2 filed by Swiatkowski seeks an Order pursuant to Section 530 of the Bankruptcy Code reopening the case[1] and thereafter holding the creditor CitiMortgage, Inc. ("CitiMortgage") and their legal associates responsible for criminal activity.  Objection dated October 26, 2009 at 4.  As set forth below, the Objection is overruled and the Court adherers to its prior  decision and order dated September 20, 2009 reducing CitiMortgage's Proof of Claim to $444,389.02.                                .

## JURISDICTION

   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.  §§1334(b) and 157(b)(2) and the Eastern District of New York standing Order of reference dated August 28, 1986.  This decision constitutes the Court's findings of fact and conclusions of law to the extent Fed. R.Bank. P. 7052 requires.

---

[1] Although the case had been dismissed, as of October 27, 2009, the filing date of this Motion, the case had not been closed.  On January 12, 2010, the Court issued an Order closing the case.

**INTRODUCTION**

As noted in prior Decisions, this case is the seventh case in this Court involving the debtor and co-obligors and CitiMortgage, Inc. and its predecessor in interest regarding the note and mortgage dated September 18, 1990 between the debtor, co-obligors and Citibank, N.A. regarding the real property located at 7 Park Lane Place, Massapequa, New York 11758 (the "Massapequa Property"). There has been additional litigation involving the parties in the Supreme Court, Nassau County and the United States District Court for the Eastern District of New York. A brief recitation of the underlying facts of these cases follows.

**A.     Background**

On or about September 18, 1990, Citibank, N.A. financed the Massapequa Property with debtor Betina G. Koloch a/k/a Betina Swiatkowski, Michael Swiatkowski a./k/a Michal Swiatkowski and Lidia Swiatkowski. The debtor and the co-obligors executed a mortgage note in the principal amount of $264,000.00 and delivered a mortgage against the Massapequa Property.

On or about June 1, 1998, the debtor and co-obligors defaulted under the note and mortgage. Citibank's successor in interest commenced a foreclosure action in the Supreme Court, Nassau County, and obtained a judgment of foreclosure on or about April 20, 1999.

On or about September 1, 1999, Michal and Lidia Swiatkowski filed a voluntary joint petition for relief under Chapter 13 of the Bankruptcy Code (the "First Case"). On or about July 20, 2000, the First Case was dismissed upon the application of the debtors. On or about October 2, 2000, the First Case was closed.

On or about October 25, 2000, Michal Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Second Case"). This filing stayed the scheduled foreclosure sale of the Massapequa Property. On or about January 16, 2001, the Second Case was dismissed on the application of the Chapter 13 case trustee due to the debtor's default in making payments. On February 16, 2001, the Second Case was closed.

On March 7, 2001, Lidia Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Third Case"). This filing stayed a scheduled foreclosure sale of the Massapequa Property. On or about November 6, 2001, the case was dismissed with prejudice on the motion of the Chapter 13 case trustee. On December 12, 2001, the Third Case was closed.

While the Third Case was pending, the debtor and co-obligors requested a workout arrangement with CitiMortgage. However, they refused to sign a stipulation of settlement which was part of the forbearance agreement process. According to CitiMortgage, the loan representative working with the Swiatkowskis authorized the acceptance of funds without an executed stipulation. CitiMortgage accepted payment of $101,230.49 without a written settlement agreement. The forbearance agreement was calculated at the monthly payment amount of $3,231.00. However, according to CitiMortgage, the annual taxes and insurance at the time of reinstatement were $12,553.41, and the $3,231.00 monthly payment was insufficient to reinstate the escrow deficit.

CitiMortgage's documentation reflected considerable confusion at CitiMortgage concerning the amount of the monthly mortgage payment. It appears from its own records that the mortgagors may not have been in default under the mortgage in May 2002. By letter dated

June 25, 2002, CitiMortgage informed the mortgagors that they were current through May 1, 2002 and were due for the June 1, 2002 payment. The payment history further reflects that in May 2002, a time when CitiMortgage allegedly notified the mortgagors that they were current with their mortgage payments, CitiMortgage referred the file to its attorneys for foreclosure.

On or about April 24, 2002, CitiMortgage issued a notice to the debtor and co-obligors that the monthly payment had adjusted upward to $4,703.00 per month; CitiMortgage claimed that the debtor and co-obligors were given notice of this adjusted mortgage payment on or about May 1, 2002. On or about June 19, 2002, the debtor and co-obligors received a letter from CitiMortgage informing them that the amounts remitted in the June 2002 payment were not sufficient to cover the monthly amount due of $4,753.28. On June 20, 2002, CitiMortgage informed the mortgagors that their payment was late and imposed late payment charge of $50.28. On or about July 11, 2002, CitiMortgage according to the payment history, reversed the payments in the amount of $3231.00 for the months of May and June 2002 and returned the payments to the co-obligor Lidia Swiatkowski.

In May 2002 CitiMortgage referred the file to its attorneys for foreclosure proceedings. On or about September 30, 2005, Judgment of Foreclosure and Sale was entered in the pending foreclosure action. On or about November 4, 2005, Michal Swiatkowski filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Fourth Case"). On November 16, 2006, the Fourth Case was dismissed on the motion of the Chapter 13 case trustee. In or about November 2006, the debtor tendered two payments in the amount of $6,000.00 and $19,200.00. On January 19, 2007, the Fourth Case was closed.

On or about December 12, 2006, Lidia Swiatkowski filed a voluntary petition for

relief under Chapter 13 of the Bankruptcy Code (the "Fifth Case").  On or about April 17, 2007, the Fifth Case was dismissed with prejudice on the debtor's motion.  On June 19, 2007, the Fifth Case was closed.

On April 2, 2007, Michal Swiatkowski filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code (the "Sixth Case").  On August 8, 2007, the Sixth Case was dismissed with prejudice on the motion of the Chapter 13 case trustee.

## PROCEDURAL HISTORY OF THIS CASE

On October 4, 2007, Betina G. Koloch (the "debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.  On November 7, 2007, CitiMortgage filed Proof of Claim No. 2.  On or about January 11, 2008, counsel for Lidia  Swiatkowski filed an Objection to Proof of Claim No. 2.  On March 4, 2008, counsel for CitiMortgage filed an Affirmation in Opposition to the Objection.  On March 6, 2008, counsel for Swiatkowski filed a reply to the affidavit in opposition and counsel for CitiMortgage filed a supplemental affidavit in opposition to the Objection.  On March 28, 2008, counsel for Swiatkowski filed a Memorandum of Law.  On April 17, 2008, counsel for CitiMortgage filed a reply affirmation and cross-application for fees and costs.  On May 9, 2008, the Court conducted a hearing on the Objection.  At a continued hearing on October 17, 2008, the Court directed counsel for CitiMortgage to file a post hearing submission on the issue of calculation of interest and the placing of forced insurance.  On October 24, 2008, counsel for CitiMortgage submitted a supplemental affidavit and the Court took the matter under submission.  By Decision and Order dated September 30, 2009, this Court found that Citibank had failed to meet its burden of proof, upheld Swiatkoski's Objection and reduced CitiMortgage's Proof of Claim.

On October 3, 2009, following a hearing, the Court denied Confirmation. On October 19, 2009, the Court entered an Order denying confirmation and dismissing the case without prejudice. On January 12, 2010, the Court entered an Order closing the case.

Neither debtor's counsel nor creditor's counsel has submitted any papers in opposition or other response to Swiatkowkis's Objection.

## THE SWIATKOWSKI OBJECTION

On October 27, 2009, Swiatkowski filed a document entitled "OBJECTION TO ORDER DENYING CONFIRMATION OF CHAPTER 13 AND DISMISSING THE CASE WITHOUT PREJUDICE" (the "Objection"). In the Objection, Swiatkowski alleges that creditors committed bankruptcy fraud through deficiencies of service of process, and offers only speculation as to the conduct of creditors which she alleges may have constituted said fraud. Objection at 1-4. Swiatkowski seeks the reopening of the case in order to

> have responsible parties for criminal activity held responsible. This includes dismissing claims of the creditor for its 12 years of constant vicious attacks on their homestead which were based on liable [sic], frivolous and criminal claims that led the mortgators [sic] to sustain severe physical and mental anguish throughout this ordeal.

Id. at 4. As set forth below, the Objection is overruled.

## DISCUSSION

The Application to Reopen the Case Should be Denied.

Section 350 of the Bankruptcy Code governs the application for an order reopening a Chapter 7 case. The statute provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The statute is phrased in permissive language and therefore leaves

the decision to reopen a bankruptcy case at the discretion of the court. See <u>Apex Oil Co. v. Sparks (In re Apex Oil Co.)</u>, 406 F. 3d 538, 541-42 (8th Cir. 2005); <u>State Bank of India v. Chalsani (In re Chalsani)</u>, 92 F. 3d 1300, 1307 (2d Cir. 192); <u>Rosinki v. Boyd (In re Rosinski)</u>, 759 F.2d 539, 540-541 (6th Cir. 1985); <u>Hawkins v. Landmark Finance Co. (In re Hawkins)</u>, 727 F. 2d. 324, 326 (4th Cir. 1984).

  Although styled as an Objection, Swiatkowski's moving papers in essence seeks the Court's reconsideration of matters previously brought before the Court. As the history of this proceeding makes clear, this Court has painstakingly reviewed and analyzed the claims of the debtors in the seven cases which they have brought. There are no additional assets to administer and no additional relief available to the debtor in this case. In short, there is no reason or cause to reopen the case. The application to reopen the case is therefore denied.

  To the extent that Swiatkowski seeks reconsideration of the Court's prior decision in this case, that application is also denied. An application for such relief is addressed to the court's discretion, but because such relief erodes the principle of finality, the application is rarely granted, as "'a motion for reconsideration ... does not provide a forum for the non-prevailing party to reargue issues that the Court has already decided. "' <u>In re Taub</u>, 421 B.R. 93, 108-109 (Bankr. E.D.N.Y. 2009)(quotation and citation omitted).

## CONCLUSION

  Swiatkowski's Objection is overruled. The application to reopen the case, and/or the application for reconsideration of the Court's decision dated October 19, 2009 denying Confirmation and granting the trustee's motion to dismiss the case is in all respects denied.

  IT IS SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2010

                                                  <u>S/ Dennis E. Milton</u>
                                                  DENNIS E. MILTON
                                                  United States Bankruptcy Judge